Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| JAHAIRA LIZ SERRANO DOMÍNGUEZ<br><br>Demandante - Peticionaria<br><br>v.<br><br>VÍCTOR MANUEL SALGADO BRAVO<br><br>Demandado - Recurrido | TA2025CE00598 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Civil núm.: AR2022CV01722 (404)<br><br>Sobre: Liquidación Comunidad de Bienes |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 octubre de 2025.

El Tribunal de Primera Instancia ("TPI") determinó que una sociedad de gananciales se disolvió a partir de la vigencia del actual Código Civil, a pesar de que la correspondiente demanda de divorcio se había presentado antes de la vigencia del actual Código y a pesar de que, a dicha fecha, aún no se había dictado la sentencia de divorcio. Según se explica a continuación, concluimos que erró el TPI, pues no es retroactiva la norma adoptada por el nuevo Código Civil, a los efectos de que la sociedad de gananciales se disuelve con la presentación de la demanda de divorcio, por lo cual dicha norma aplica únicamente a demandas presentadas luego de la fecha del actual Código.

I.

En septiembre de 2022, la Sa. Jahaira Liz Serrano Domínguez (la "Demandante") presentó la acción de referencia, sobre liquidación de gananciales (la "Demanda"), en contra, en lo pertinente, del Sr. Víctor Manuel Salgado Bravo (el "Demandado").

Alegó que su matrimonio con el Demandado quedó disuelto mediante una Sentencia notificada el **5 de mayo de 2021**.

En diciembre de 2022, el Demandado contestó la Demanda; en la misma, admitió que estarían sujetos a liquidación "todos los bienes y deudas que se hayan adquirido durante la vigencia del matrimonio y **hasta la fecha en que la sentencia de divorcio advino final y firme**." Párrafo 1.8 de Contestación a la Demanda y Reconvención (SUMAC núm. 14) (énfasis suplido).

Luego de varios trámites, el 9 de julio de 2025, se celebró la Conferencia con Antelación a Juicio. Según la Minuta, la Demandante le indicó al tribunal que el Demandado "ha traído como controversia si se debe aplicar" el actual Código Civil. La Demandante arguyó que la sociedad de gananciales entre las partes (la "Sociedad") no cesó sino hasta convertirse en final y firme la sentencia de divorcio, de conformidad con lo dispuesto en el anterior Código Civil. Por su parte, el Demandado planteó que la Sociedad cesó el día en que entró en vigor el actual Código Civil, pues allí se establece que, con la presentación de una demanda de divorcio, se extingue la sociedad de gananciales.

El 13 de agosto, el TPI notificó una Resolución y Orden (el "Dictamen"), mediante lo cual acogió la postura del Demandado. De conformidad, concluyó que la Sociedad cesó "a partir de la vigencia del nuevo código, entiéndase, noviembre de 2020".

El 27 de agosto, la Demandante solicitó la reconsideración del Dictamen. El Demandado se opuso; arguyó que la postura de la Demandante iba en contra de sus propios actos, porque "las partes ya se comportaban conforme a [unos] acuerdos que suscribieron en noviembre de 2020". Mediante una Resolución y Orden notificada el 10 de septiembre, el TPI denegó la reconsideración del Dictamen.

El 10 de octubre, la Demandante presentó el recurso que nos ocupa, mediante el cual solicita la revisión del Dictamen. Subrayó

que la demanda de divorcio se presentó en **junio de 2020**, cuando todavía no había entrado en vigor el actual Código Civil, por lo cual "el derecho vigente y aplicable a los hechos" es el anterior Código Civil.

El 14 de octubre, le ordenamos al Demandado que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar el Dictamen.

Oportunamente, el Demandado compareció, pero únicamente se limitó a plantear que el auto no debía ser expedido, omitiendo así consignar su postura en cuanto a los méritos de lo actuado por el TPI, más allá de aseverar que el asunto adjudicado en el Dictamen "versa sobre el manejo regular de sala", sobre lo cual el TPI "posee gran flexibilidad y discreción". Resolvemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*; al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este

apéndice o de la denegatoria de una moción de carácter dispositivo.  No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. ...

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación, o desestimación, de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación.  *Torres Martínez, supra.*

III.

Como cuestión de umbral, y contrario a lo planteado por el Demandado, concluimos que procede expedir el auto solicitado, en aras de la economía procesal, particularmente dado que el Dictamen puede "afectar sustancialmente el resultado" del caso y en atención al tracto prolongado del mismo.  Véase *800 Ponce de León Corp. v. Am. Intl. Ins. Co. of P.R.*, 205 DPR 163 (2020) (resolviendo que, en

protección del "principio de economía procesal", y con el fin de no "retras[ar] …de forma innecesaria" la resolución final de un caso, la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, no impide expedir el auto de *certiorari* cuando el dictamen interlocutorio "puede[] afectar sustancialmente el resultado de un pleito" o "limit[ar] sustancialmente [una] reclamación", particularmente cuando el caso ha tenido un "trámite procesal extenso").

En cuanto a los méritos, concluimos que la disposición del actual Código Civil, a los efectos de que una sociedad de gananciales se extingue con la presentación de una demanda de divorcio (Artículo 426(b), 31 LPRA sec. 6773(b)), únicamente aplica a las demandas que se presenten luego de la vigencia de dicho Código (28 de noviembre de 2020, según el Artículo 1820 del Código Civil de 2020).

De lo contrario, el actual Código Civil estaría, de forma retroactiva, impartiendo un efecto a la presentación de la demanda de divorcio en este caso, efecto que las partes no tenían forma de prever o manejar en aquel momento, y el cual es contrario a la norma general que requiere que este tipo de retroactividad sea específicamente dispuesta por ley. Adviértase que, bajo el anterior Código Civil, la sociedad de gananciales no se extinguía, como regla general, hasta que se emitiese la sentencia de divorcio. Artículo 1315 del Código Civil de 1930, 31 LPRA sec. 3681.

Adviértase que una ley no es retroactiva, salvo que se disponga "expresamente lo contrario"; esta era la norma bajo el anterior, y es la norma bajo el actual, Código Civil. Artículo 3 del Código Civil de Puerto Rico (derogado), 31 LPRA sec. 3 ("[l]as leyes no tendrán efecto retroactivo, si no dispusieren expresamente lo contrario"); Artículo 9 del Código Civil, 31 LPRA sec. 5323 ("La ley no tiene efecto retroactivo, excepto cuando se dispone expresamente lo contrario"). Esta norma no constituye un principio rígido de

aplicación absoluta.  *Clases A, B y C v. PRTC,* 183 DPR 666, 679 (2011); *Torres Rodríguez v. Carrasquillo Nieves,* 177 DPR 728, 757 (2009); *Consejo Titulares v. Williams Hospitality,* 168 DPR 101, 107 (2006); *Vélez v. Srio de Justicia,* 115 DPR 533, 542 (1984); *Warner Lambert Co. v. Tribunal Superior,* 101 DPR 378, 384-385 (1973).

No obstante, la retroactividad se considera un acto excepcional y, por lo anterior, "debe aparecer expresamente o surgir claramente del estatuto".  *Díaz Ramos v. Matta Irizarry,* 198 DPR 916, 929 (2017); *Clases A, B y C,* 183 DPR a la pág. 679; *Torres Rodríguez,* 177 DPR a la pág. 757; *Nieves Cruz v. UPR,* 151 DPR 150, 158 (2000); *Asoc. Maestros v. Dpto. Educación,* 171 DPR 640, 648 (2007); *Consejo Titulares,* 168 DPR a la pág. 108.

La intención del legislador de darle efecto retroactivo a una ley puede ser expresa o tácita.  *Clases A, B y C,* 183 DPR a la pág. 679; *Torres Rodríguez,* 177 DPR a la pág. 758; *Asoc. Maestros v. Departamento Educación,* 171 DPR 640, 648 (2007).  La retroactividad puede surgir "implícitamente" cuando la ley "se refiere a situaciones pasadas" o cuando "su contenido revele claramente que para su debida aplicación ha de dársele precisamente carácter retroactivo".  *Vélez v. Srio de Justicia,* 115 DPR 533, 542 (1984).

Así pues, ante la omisión de un mandato expreso del legislador, solamente procede impartirle efecto retroactivo a una ley **cuando es obvio y patente el propósito legislativo, o cuando la aplicación retroactiva es necesaria para corregir un grave mal social y así poder hacer justicia**.  *Padilla v. OAT,* 189 DPR 315, 340 (2013); *Nieves Cruz,* 151 DPR a la pág. 159.

En este caso, no existe disposición expresa en el actual Código Civil a los efectos de que una sociedad de gananciales se extingue a la vigencia de dicho código cuando la demanda de divorcio, presentada antes de dicha vigencia, no se hubiese todavía resuelto a dicha fecha.  Más importante aún, no podemos concluir que sea

"obvio y patente" que el legislador pretendió extinguir, con la vigencia del nuevo Código, todas las sociedades de gananciales en casos de divorcio pendientes de adjudicación a dicha fecha. Tampoco podemos concluir que ello sea necesario "para corregir un grave mal social".

De hecho, la aplicación retroactiva de la nueva norma del actual Código Civil trastocaría las expectativas y derechos adquiridos de las partes porque, durante el período entre la presentación de la demanda de divorcio y la fecha de vigencia del actual Código, las partes habrían actuado, y descansado, sobre la premisa de que la sociedad de gananciales no se había extinguido todavía, pues la normativa entonces vigente disponía que ello no ocurriría hasta que se dictara la correspondiente sentencia.

Contrario a lo razonado por el TPI, no es pertinente lo dispuesto por el actual Código Civil en cuanto a las sucesiones por razón de muerte. Ello porque, en primer lugar, dicho asunto sí fue atendido expresamente por el legislador. Véase Artículo 1816 del Código Civil, 31 LPRA 11721 (disponiendo que "la herencia de los fallecidos después" de entrar en vigor el Código, "sea o no con testamento, se adjudica y reparte con arreglo a este Código"). En contraste, y como arriba observamos, el legislador no dispuso de forma expresa que lo dispuesto en el Artículo 426(b), *supra*, tendría carácter retroactivo.

En segundo lugar, la retroactividad dispuesta por el legislador en el caso de las herencias tiene un fundamento racional, entiéndase, en teoría, quien vivía a la fecha de la vigencia del nuevo Código tendría la oportunidad de tomar las medidas necesarias para proteger sus intereses, de conformidad con el nuevo esquema estatutario, en previsión de su fallecimiento. En contraste, la aplicación retroactiva aquí pretendida por el Demandado trastocaría las expectativas de las partes, afectando derechos ya adquiridos, sin

que medie oportunidad alguna para tomar medidas prospectivas en protección de sus intereses y en atención a la nueva normativa.

Finalmente, subrayamos que, según arriba reseñado, nuestra conclusión es cónsona con lo explícitamente admitido por el Demandado al contestar la Demanda.

IV.

Por los fundamentos antes expuestos, se expide el auto de *certiorari* solicitado, se revoca la Resolución y Orden recurrida y se devuelve el caso al Tribunal de Primera Instancia para trámites ulteriores compatibles con lo aquí resuelto y expuesto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones